UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>    v.<br><br>FERNANDO LOPEZ-CUEVAS and ANTELMO ONTIVEROS,<br><br>         Defendants. | 2:02-cr-0418-GEB<br><br><u>SENTENCING DECISION</u><br><u>FOLLOWING REMAND</u> |

     The Ninth Circuit remanded sentencing in this action for further proceedings in light of <u>United States v. Booker</u>, 543 U.S. 220 (2005), and <u>United States v. Ameline</u>, 409 F.3d 1073 (9th Cir. 2005) (en banc). <u>Ameline</u> requires a district court on remand to consider whether the sentence previously imposed "would have been materially different had the district court known that the Guidelines were advisory. . . ." 409 F.3d at 1084. Following remand, an Order was issued to the parties requesting their views on the remanded issues.

     The government argues "nothing in the record indicates this Court felt constrained by the then-mandatory nature of the sentencing guidelines" and the record reveals that under "the advisory Sentencing

Guidelines . . . [and] the factors provided in 18 U.S.C. § 3553(a)" the Defendants' sentences "would not be materially different . . . ." (Govt's Position Regarding Limited Remand Procedures Pursuant to United States v. Ameline at 5, 6.)

Fernando Lopez-Cuevas's response also cites section 3553, and argues his deportable alien status and ineligibility for the Bureau of Prisons drug treatment program should be considered. (Lopez-Cuevas' Resentencing Brief at 3.)  In addition, he argues his deportable alien status "precludes [him] from various prison jobs" and this can only be overcome if he is provided the opportunity to present evidence that he has strong family/community ties in the United States, that he has a history of domicile in this nation, and a verified history of employment. (Id. at 4.)  Further, Lopez-Cuevas argues he was "merely a 'mule'" in the offenses.  (Id. at 5.)

Antelmo Ontiveros also argues the sentencing factors favor lowering his sentence, and that although this Court had "discretion to find obstruction of justice following [his] testimony[,] . . . it would be reasonable not to impose those two additional levels and . . . [to] re-sentence [him] to 121 months . . . ." (Ontiveros' Resentencing Brief at 5-6.)

Defendant Lopez-Cuevas

Lopez-Cuevas has an offense level of 36, a criminal history category of V, and an advisory guideline range of 292-365 months imprisonment.

The reporter's transcript of Lopez-Cuevas's sentencing hearing reveals he was "sentenced at the bottom of his guideline range because he face[d] a very lengthy sentence, and . . . that imposition of [this] sentence . . . [was] sufficient to comport with the

sentencing factors . . . in [18 U.S.C. §] 3553." (Lopez-Cuevas's RT at 13.)

Lopez-Cuevas's argument that seeks to minimize his role in the offense is belied by the record. He knowingly transported the drugs that were involved in his convictions. At his sentencing hearing, Lopez-Cuevas made downward departure arguments based on his deportable alien status which were denied, even though it was recognized that discretion existed to vary from his guideline sentence on these grounds. His argument that his deportable alien status precludes him from certain prison jobs is not within the scope of the limited remand.

The section 3553 factors concerning the history and circumstances of the offenses, promoting respect for the law, affording adequate deference and protecting the public from further crimes of the Defendant, reveal that the sentence imposed would not have been materially different had the Court known at the time of Lopez-Cuevas's sentence that the guidelines were advisory.

<u>Defendant Ontiveros</u>

Ontiveros has a a total offense level of 36, a criminal history category of I, and an advisory guideline range of 188 to 235 months imprisonment. (Presentence Report at 11.) Ontiveros brokered the sale of the drugs that Lopez-Cuevas transported. A search of the transport vehicle revealed "approximately six pounds of methamphetamine in a bag under the spare tire" cover. (<u>Id.</u> at 4.) "Six individual packages were wrapped in red plastic, and the total weight of methamphetamine was . . . 2,809 grams." (<u>Id.</u>)

Ontiveros was an equal participant in the drug offenses of conviction since "he arranged for the distribution and delivery of 2.8

kilograms of methamphetamine." (Id. at 12.)

At Ontiveros's sentencing hearing I stated: "A sentence at the low end of the guideline range satisfies the sentencing factors a judge is required to consider in [18 U.S.C. §] 3553. The defendant has no prior record, and the sentence he faces, unfortunately, is a very lengthy sentence." (Ontiveros's RT at 5.) He was sentenced at the bottom of his guideline range.

Considering "the nature and circumstances of the offense," the need for the sentence "to reflect the seriousness of the offense, [and] to promote respect for the law," the sentence imposed was not materially different from the sentence that would have been given had the Court known that the guidelines were advisory. 18 U.S.C. § 3553(a).

<u>CONCLUSION</u>

For the stated reasons, each Defendant's request for resentencing is denied.

IT IS SO ORDERED.

Dated: November 21, 2006

_____
GARLAND E. BURRELL, JR.
United States District Judge