IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Respondent,                        No. 02-cr-0418 GEB KJN P

      vs.

FERNANDO LOPEZ-CUEVAS,

      Movant.                           FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

      Movant is a federal prisoner, proceeding without counsel or "pro se," with a second motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255. Movant challenges his 2004 conviction for conspiracy to possess with intent to distribute, and possession with intent to distribute, methamphetamine. The motion claims that movant's defense attorney was ineffective based on his alleged failure to inform and advise movant of the extended plea agreement offered by the respondent.[1] For the following reasons, the motion should be denied.

---

[1] Movant's prior § 2255 motion raised twenty-four claims of ineffective assistance of counsel, including, in Claim F, a claim that movant wanted to plead guilty, but trial counsel misled him and stated that the government's case was weak. (Dkt. No. 211 at 16.) The court found that movant could not demonstrate prejudice under Strickland v. Washington, 466 U.S. 668 (1984).

1

II. Procedural History

On February 13, 2004, a jury found movant guilty. At a hearing on May 14, 2004, movant was sentenced to 292 months imprisonment. (Dkt. No. 97.) Judgment was issued June 1, 2004. (Dkt. No. 107.) Movant's conviction was affirmed on appeal. (Dkt. No. 124.) Movant filed his first § 2255 petition on October 13, 2009, which was denied on November 22, 2011. (Dkt. Nos. 176, 215.) Petitioner filed a second § 2255 habeas petition on March 25, 2013, based on U.S. Supreme Court precedent in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012). (Dkt. No. 225.)

III. Legal Standards

Title 28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." Id. Habeas relief is available to correct errors of jurisdiction and constitutional error but a general "error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979).

"A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). That section reads:

> A second or successive motion must be certified as provided in 28 U.S.C. § 2244:
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

IV. Discussion

Here, movant raises, for the first time, an ineffective assistance of counsel claim alleging that defense counsel failed to inform movant of an extended plea agreement offered by the prosecution. Because this ground was not presented in movant's first § 2255 motion, the motion is a second motion under 28 U.S.C. § 2255. See United States v. Buenrostro, 638 F.3d 720 (9th Cir. 2011) (motion to reopen under rule governing relief from judgment based on a claim for relief unrelated to the claims adjudicated in the first motion to vacate under § 2255 must be treated as an unauthorized successive motion).

Because the present motion is a second, successive motion, movant cannot raise this new ground without seeking precertification from the Ninth Circuit Court of Appeals to file a successive motion. 28 U.S.C. § 2255(h); Buenrostro, 638 F.3d at 723. No such certification has been provided. Therefore, this court is without jurisdiction: "A second or successive § 2255 petition may not be considered by the district court unless petitioner obtains a certificate authorizing the district court to do so." Alaimalo v. United States, 645 F.3d 1042, 1054 (9th Cir. 2011). Movant is directed to apply to the Ninth Circuit for certification.

V. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that movant's second motion, filed pursuant to 28 U.S.C. § 2255, is denied without prejudice for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Movant is advised that

1 | failure to file objections within the specified time may waive the right to appeal the District
2 | Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 | DATED: May 3, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lope0418.256s