UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>FERNANDO LOPEZ-CUEVAS,<br><br>Movant. | No.  2:02-cr-0418 GEB KJN P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

On March 12, 2014, movant filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the court recommends that the motion be denied.

Background

Movant was convicted in 2004 for conspiracy to possess with intent to distribute, and possession with intent to distribute, methamphetamine, and was sentenced to 292 months. On October 13, 2009, movant filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, raising 24 claims of ineffective assistance of counsel concerning three separate attorneys who represented movant at different stages of the proceedings. (ECF No. 211 at 1.) On November 22, 2011, the § 2255 motion was denied by the district court. (ECF No. 215.) On March 25, 2013, movant filed a successive § 2255 motion. (ECF No. 225.) On May 6, 2013, the undersigned recommended that the motion was a second, successive motion, which required

1

movant to first obtain authorization from the Court of Appeals for the Ninth Circuit. (ECF No. 227.) On July 8, 2013, the district court adopted the findings and recommendations, denied the motion without prejudice, and denied movant a certificate of appealability. (ECF No. 229.) Movant filed an appeal. (ECF No. 230.) However, on September 16, 2013, the Ninth Circuit denied movant's request for a certificate of appealability. (ECF No. 234.) On March 12, 2014, movant filed the pending motion for relief from judgment.

Pending Motion

Movant claims that before his criminal trial, he sent a letter professing his guilt to the prosecutor who returned the letter to movant's defense attorney who returned it to movant. (ECF No. 235 at 2.) Movant claims that during the § 2255 proceedings, both the prosecutor and movant's defense attorney "refused to admit the existence of the 'guilty plea' letter written by movant." (ECF No. 235 at 2.) Movant contends that the prosecutor's refusal to admit that movant desired to plead guilty prior to trial led the court to find that movant's statements that he would have pled guilty rather than proceed to trial were not credible, and resulted in the denial of the § 2255 motion. (ECF No. 235 at 2.) Movant contends that the denial of the § 2255 motion was obtained by fraud, which enables the court to vacate the current judgment against him. (ECF No. 235 at 3.)

Legal Standards

A Rule 60(b) motion for relief from judgment on a habeas petition is generally treated as a successive § 2255 petition because the "use of Rule 60(b) would [otherwise] impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005); Thompson v. Calderon, 151 F.3d 918, 921 (9th Cir. 1998) ("In most cases when the factual predicate for a Rule 60(b) motion also states a claim for a successive petition under 28 U.S.C. § 2244(b), as it does in this case, the Rule 60(b) motion should be treated as a successive habeas petition.").

In establishing this general rule, the Supreme Court explained that a 60(b) motion should be treated as a successive habeas petition where the motion "advances one or more 'claims,' " i.e., where a motion "seeks to add a new ground for relief," or where the motion "attacks the

federal court's previous resolution of a claim on the merits." Gonzalez, 545 U.S. at 532. The exception to this rule is where a 60(b) motion for relief from judgment on a habeas petition "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Id. In that case, the 60(b) motion should not be treated as a successive petition, and the court should proceed under Rule 60. Id.

Discussion

Here, movant argues that the government made fraudulent representations within its briefing on the original § 2255 motion. Specifically, movant contends that the government fraudulently denied receiving movant's letter concerning his desire to plead guilty. Because this argument challenges the integrity of the § 2255 proceedings, movant's fraud argument should not be construed as a claim for a successive § 2255 motion. See Gonzalez, 545 U.S. at 532 n.5 ("Fraud on the federal habeas court is one example of such a defect [in the habeas proceeding that is properly addressed under a 60(b) motion]."). Therefore, movant may properly raise the fraud argument as a Rule 60(b) motion and the court will not construe the motion as a successive § 2255 motion. However, as set forth below, the court denies the motion under Rule 60(c)(1) of the Federal Rules of Civil Procedure, as it was not raised in a timely manner.

Rule 60(b)(3) provides that the court may grant relief from judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." See Fed. R. Civ. P. 60(b)(3). A motion for Rule 60(b)(3) relief must be made "no more than a year after the entry of the judgment or order of the date of the proceeding." See Fed. R. Civ. P. 60(c)(1).

Movant's fraud argument falls squarely within Rule 60(b)(3), and not Rule 60(d)(1) as asserted by movant.[1] He explicitly alleges fraud and perjury by the government in his original

---

[1] Rule 60(d)(1) provides that Rule 60 does not limit a court's power to "entertain an independent action to relieve a party from a judgment, order or proceeding." Fed. R. Civ. P. 60(d)(1). Movant's reliance on Rule 60(d)(1) is unavailing. See Nugent v. United States, 2007 WL 4165676 (D.C. Cir. 2007) ("appellant's Independent Action sought to present a new claim for relief from the criminal judgment. . . properly treated . . . as a second or successive application") ; Dorsey v. Florida, 2008 WL 5110416 (M.D. Fla. 2008) ("no independent action to vacate a criminal judgment can be based on the provisions of Fed. R. Civ. P. 60(b).").

1  § 2255 motion.  Thus, the fraud argument may only be asserted and evaluated under Rule
2  60(b)(3).
3        Claims for relief under subsection Rule 60(b)(3) are time-barred if not made within "a
4  year after the entry of judgment or order or the date of the proceeding."  See Fed. R. Civ. P.
5  60(c)(1); accord Nevitt v. United States, 886 F.2d 1187, 1188 (9th Cir. 1989).  The instant motion
6  seeks relief from the denial of the original § 2255 motion on November 22, 2011.  (ECF No.
7  215.)  Although movant subsequently sought a request for certificate of appealability, such
8  appeals do not toll the one year period for filing a motion under Rule 60(b)(1)-(3).  Nevitt, 886
9  F.2d at 1188 ("Although we have not expressly held that pendency of an appeal does not toll the
10 one year period [to file motions for relief under Rule 60(b)(1)-(3) ], we do so now.").
11       Thus, in order for the court to review such a motion, a 60(b)(3) motion for fraud by the
12 government in the original § 2255 motion must have been filed within one year after November
13 22, 2011, on or before Thursday, November 22, 2012.  Under the mailbox rule, the Rule 60(b)
14 motion was filed on March 6, 2014.  Therefore, the motion was filed 469 days after the one year
15 period expired.  Accordingly, the court may not consider movant's Rule 60(b) motion because he
16 failed to raise it in a timely manner.  See id.; Wood v. McEwen, 644 F.2d 797, 801 (9th Cir.
17 1981) (per curiam) (holding that because "[the petitioner] did not file his motion for almost three
18 years after the judgment was entered . . . [the petitioner's motion] cannot be granted under Rule
19 60(b)(3)").
20       IT IS HEREBY RECOMMENDED that movant's March 12, 2014 motion (ECF No. 235)
21 be denied.
22       These findings and recommendations are submitted to the United States District Judge
23 assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
24 after being served with these findings and recommendations, movant may file written objections
25 with the court.  The document should be captioned "Objections to Magistrate Judge's Findings
26 and Recommendations."  Movant is advised that failure to file objections within the specified
27 ////
28 ////

time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 28, 2014

/lope0418.60b

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE